UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

FOUR RIVERS PACKING CO., INC., d/b/a/
FOUR RIVERS PACKING CO.,

               Plaintiff,                         Case No. 3:12-cv-89-ST

        v.                                 FINDINGS AND
                                                RECOMMENDATION

G.D. FRESH DISITRIBUTION, INC., and
GEORGE M. DZIAK, individually,

               Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

On January 17, 2012, Four Rivers Packing Co., Inc., d/b/a/ Four Rivers Packing Co.

("Four Rivers"), filed this action to enforce a Reparation Award granted in its favor by the U.S.

Department of Agriculture ("USDA") as provided under the Perishable Agricultural

Commodities Act of 1930, as amended, 7 USC § 499(g) ("PACA"), and its rights under PACA's

trust provisions, 7 USC § 499e, against defendants, G.D. Fresh Distribution, Inc. ("GD Fresh")

and George M. Dziak ("Dziak").

On March 12, 2012, this court entered a default against both defendants for failing to

appear (docket # 8).  Four Rivers then filed a Motion for Default Judgment against both

1 - FINDINGS AND RECOMMENDATION

defendants (docket # 9).  After reviewing that motion, this court ordered Four Rivers to submit

additional evidence sufficient to establish that Dziak is a "controlling person" of GD Fresh and

detailed time records to support the attorney fee request (docket # 11).  In response, Four Rivers

filed a supplemental memorandum with exhibits on April 17, 2012 (docket # 12).

## FACTS

Four Rivers, a shipper of perishable agricultural commodities in interstate commerce,

sold and delivered wholesale quantities of onions to GD Fresh from March 10 through and

April 1, 2011 in accordance with PACA.  Complaint, ¶¶ 2, 4, 7, 11 & Exs. A & B; Smith Decl.

(docket # 9-4), p. 1.  On each of its invoices, Four Rivers provided written notice of its intent to

preserve trust benefits to GD Fresh by including the statutory trust language set forth in 7 USC

§ 499e(c)(4).  Complaint, ¶ 14, Ex. A; Smith Decl., Ex. A.  GD Fresh did not pay these invoices

which total $53,915.50.

On November 10, 2011, the USDA issued a default Reparation Award in favor of Four

Rivers and against GD Fresh in the amount of $53,915.50 plus interest at the rate of .12% per

year from May 1, 2011, until paid, and $500.00 costs.  Complaint, Ex. B.  GD Fresh has not paid

the USDA Reparation Award, despite demands to do so.  *Id*, ¶ 9.

Based on nonpayment, Four Rivers seeks a judgment on Count 1 against GD Fresh in the

sum of $53,915.50, plus costs, .14% interest per annum from May 1, 2011, and attorney fees

based on enforcement of the Reparation Award.  On Count 2, Four Rivers seeks the same

judgment against both defendants based on enforcement of the statutory trust provisions of

PACA.

///

///

2 - FINDINGS AND RECOMMENDATION

## FINDINGS

### I.      Legal Standard

After entering an order of default, a district court has discretion to issue a default

judgment under FRCP 55(b)(2).  In exercising its discretion, the court may consider:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's
> substantive claim; (3) the sufficiency of the complaint; (4) the sum of
> money at stake in the action; (5) the possibility of a dispute concerning
> material facts; (6) whether the default was due to excusable neglect; and
> (7) the strong policy underlying the Federal Rules of Civil Procedure
> favoring decisions on the merits.

*Eitel v. McCool*, 782 F2d 1470, 1471–72 (9th Cir 1986) (citation omitted).

The court has "considerable leeway as to what it may require as a prerequisite to the entry

of a default judgment."  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F2d 915, 917 (9th Cir 1987) (*per*

*curiam*) (footnote omitted).   It may accept the complaint's well-pleaded factual allegations as

true, other than the amount of damages.  *Id* at 917-18 (citation omitted).  On the other hand, a

"defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."

*Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F2d 1200, 1206 (5th Cir 1975).

### II.      PACA

"Congress enacted PACA in 1930 to prevent unfair business practices and promote

financial responsibility in the fresh fruit and produce industry."  *Boulder Fruit Exp. & Heger*

*Organic Farm Sales v. Transp. Factoring, Inc.,* 251 F3d 1268, 1270 (9th Cir 2001), *cert denied*,

435 US 1133 (2002).  PACA requires purchasers of perishable commodities to make "full

payment promptly" to its perishable commodities suppliers.  7 USC § 499b(4).  Failure to

comply with the "full payment promptly" provisions exposes the violator to civil liability in

favor of the seller.  7 USC § 499e.  Repeated and flagrant violations result in loss of the buyer's

PACA license. 7 USC § 499h(a).

In 1984 Congress amended PACA to provide additional protections to sellers of perishable commodities by elevating their interests as superior to those of secured creditors. *Boulder,* 251 F3d at 1270. For that purpose, it creates a floating non-segregated trust for the benefit of all unpaid perishable commodity suppliers. 7 USC § 499e(c)(2); 7 CFR § 46.46(b). The trust comes into existence upon delivery of the commodities, applies to all of the purchaser's produce-related inventory and proceeds, and remains in effect until payment is received. *Sunkist Growers, Inc. v. Fisher,* 104 F3d 280, 281 (9th Cir 1997); *In re Southland + Keystone,* 132 BR 632, 638-39 (BAP 9th Cir 1991). In addition to the buying entity's liability, "individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable." *Sunkist Growers, Inc.*, 104 F3d at 283. If the seller's assets are insufficient to satisfy the liability, then the controlling person may be found secondarily liable if he had some role in causing the corporate trustee to commit the breach of trust. *Id.*

III. **Analysis**

A.    **Merits**

On the merits, Four Rivers has submitted sufficient evidence to support a judgment under PACA on both Counts against GD Fresh in the amount of $53,915.50. The only issue, and the one on which this court requested additional evidence, is whether Dziak also can be held personally liable for GD Fresh's failure to pay Four Rivers.

The Complaint make a conclusory allegation that Dziak is the "principal shareholder of G.D. Fresh and is charged with responsibility of the PACA trust assets of G.D. Fresh." Complaint, ¶ 3(b). With its motion for a default judgment, Four Rivers submitted a copy of GD Fresh's registration with the Oregon Secretary of State showing that Dziak is the Registered

4 - FINDINGS AND RECOMMENDATION

Agent and President of GD Fresh (docket # 9-2).  Four Rivers submitted no other facts to support its allegations regarding Dziak.  However, in response to this court's Order, Four Rivers has submitted additional evidence showing that Dziak is listed as GD Fresh's sole principal on its PACA license registration with the USDA (docket # 12-2) and that he signed GD Fresh checks payable to Four Rivers in May 2011 (docket # 12-3).[1]  Moreover, GD Fresh's PACA license has been suspended (docket # 12-2), leading Four Rivers to believe that GD Fresh has insufficient trust assets to pay the amounts protected under the trust.

In a similar case involving a request for a default judgment, Judge King imposed PACA liability upon an individual as a controlling person.  *Wespak Distribs., Inc. v. Red Hawk Farming & Cooling LLC,* No. 09-cv-743-KI, 2010 WL 56104 (D Or Jan. 5, 2010).  In that case, the controlling person was one of three owners of a closely-held company, signed the company checks, decided whether to pay Wespak, co-managed the company and its daily operations, and was the company's registered agent.  *Id*, at *4.  "Although [his] absence from this case makes it difficult to know for certain whether he used trust assets for a purpose other than payment of suppliers, the available facts make it sufficiently probable that he did."  *Id.*  Those facts were his lack of explanation why funds were unavailable to pay and his failure to appear to defend.  Accordingly, Judge King held him secondarily liable.  *Also see F.C. Bloxom C. v. Rojo Produce Imp. and Exp.,* No. 04-cv-1687, 2006 WL 2021697, at *1 (D Or July 16, 2006) (holding LLC member personally liable under PACA).

Four Rivers has not submitted any evidence to identify the other shareholders of GD Fresh, show who managed its daily operations, or establish that trust assets were dissipated by

---

[1]  Four Rivers states that the notation on the checks indicates that they were tendered as payment for other produce shipments by Four Rivers to GD Fresh and, therefore, constituted PACA trust assets.  However, Four Rivers has submitted no evidence to support that statement, and the notations are not self-explanatory.

Dziak.  However, the minimal evidence submitted, combined with Dziak's failure to appear and

defend, is sufficient to persuade this court that Dziak should be held liable to Four Rivers as a

controlling person of GD Fresh.

**B.** **Pre-Judgment Interest**

Four Rivers also seeks recovery of pre-judgment interest.  PACA does not specifically

provide for an award of pre-judgment interest to a prevailing party.  However, courts have

generally favored awarding pre-judgment interest to PACA trust beneficiaries under their

discretionary power in an effort to promote both the purpose of the statute, and its underlying

principles.  *Rodgers v. United States*, 332 US 371, 373 (1947); *Endico Potatoes, Inc. v. CIT

Group/Factoring, Inc.,* 67 F3d 1063, 1071-72 (2nd Cir 1995) (affirming an award of pre-

judgment interest under PACA at the federal statutory rate).  In addition, the Ninth Circuit has

recognized that a court may exercise its inherent equitable powers to award pre-judgment interest

in a PACA case.  *Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc.*, 307 F3d

1220, 1226 (9th Cir 2002).

Although the Complaint seeks an annual interest rate of .14%, Four Rivers' motion for a

default judgment requests the lower rate set forth in the USDA Reparation Award of .12% per

annum from May 1, 2011, until paid.   Therefore, Four Rivers should be awarded pre-judgment

interest at the lower rate.

**C.** **Attorney Fees and Costs**

Four Rivers also seeks an award of attorney fees of $1,070.00 and costs of $350.00 for

the filing fee and $58.60 for the service fee.

Costs are awarded to the prevailing party in a civil action "[u]nless a federal statute, these

rules, or a court order provides otherwise."   FRCP 54(d).   Four Rivers is the prevailing party.

Costs that may be taxed under 28 USC § 1920 include fees of the clerk and marshal and docket fees. Therefore, the costs requested by Four Rivers, which total $408.60, should be awarded.

Four Rivers also asserts a right to recover attorney fees based on statements in its invoices that it can recover attorney fees arising from enforcing its PACA trust rights. In addition, reasonable attorney fees must be awarded to the prevailing party in proceedings to enforce a USDA Reparation Award. 7 USC § 499g(b). Thus, as the prevailing party, Four Rivers is entitled to recover its attorney fees.

In support of its attorney fee request, Four Rivers has submitted a declaration from its attorney, Craig A. Stokes, stating that as of March 26, 2012, Four Rivers incurred attorney fees of $1,070.00 at a rate of $350.00 per hour for his services, $200.00 per hour for associate time, and $100.00 per hour for administrative support time. Stokes Decl. (docket # 9-5), ¶ 6. Mr. Stokes states that the requested fees are customary "for the same or similar services provided by other firms in this area of practice, reputation, and ability, considering the nature of the controversy, the time limitations imposed, the results obtained compared with results in similar cases, and the nature and length of my relationship with Four Rivers." *Id*, ¶ 8. No facts are submitted to support this boilerplate language. And, despite the court's order, Four Rivers has not submitted any time records to support its request for attorney fees.

This court notes that Mr. Stokes has a law office in San Antonio, Texas, and was admitted to the Oregon State Bar in 2010. According to the website for Stokes Law Office LLP (http://www.stokeslawoffice.com), Mr. Stokes graduated from Drake University Law School in 1980 and is a member of many state bars. Therefore, his hourly rate of $350.00, although high,

may not be unreasonable.[2]  Moreover, the total amount requested for attorney fees is not large.
Nonetheless, this court is wary about awarding fees without further information to ascertain
whether they are reasonable.  Unless and until further documentation is submitted, attorney fees
should not be awarded.

## RECOMMENDATION

For the reasons set forth above, Plaintiff's Motion for Default Judgment (docket # 9)
should be GRANTED as to the principal amount of $53,915.50 plus pre-judgment interest and
costs against both defendants and DENIED as to attorney fees until further supporting
documentation is submitted.

Accordingly, the court should enter a judgment in favor of plaintiff, Four Rivers Packing
Co., Inc., and against defendants, G. D. Fresh Distribution, Inc. and George M. Dziak – jointly
and severally - in the principal amount of $53,915.50, along with taxable costs in the sum of
$408.60 and pre-judgment interest at the rate of .12% per annum from May 1, 2011, until paid,
as well as post-judgment interest at the rate set forth by 28 USC §1961.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if
any, are due Monday, May 07, 2012.  If no objections are filed, then the Findings and
Recommendation will go under advisement on that date.

///

///

///

---

[2] This court considers the 2007 Oregon State Bar Economic Survey as its "initial benchmark" in determining the reasonableness
of an attorney's rate.  *See* Practice Tip to LR 54-3.  That survey "is a bellwether for the market price of attorney services in
Portland, and the court affords it significant weight in at least establishing a starting point for reasonable rates." *McElmurry v.
U.S. Bank Nat'l Assoc.*, No. 04-642-HA, 2008 WL 1925119, at *3 (D Or April 30, 2008).

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED April 20, 2012.


s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge


9 - FINDINGS AND RECOMMENDATION