IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**FOUR RIVERS PACKING CO., INC.,**
**d/b/a FOUR RIVERS PACKING CO.,**

      Plaintiff,

    v.

**G.D. FRESH DISTRIBUTION, INC., et al.,**

      Defendants.

No. 3:12-cv-00089-ST

OPINION AND ORDER

**MOSMAN, J.**,

On April 20, 2012, Magistrate Judge Stewart issued her Findings and Recommendation ("F&R") [13] in the above-captioned case, recommending that I grant the motion for default judgment [9] filed by plaintiff Four Rivers Packing Co., Inc., d/b/a Four Rivers Packing Co. and enter judgment against both defendants on the principal amount of $53,915.50 and $408.60 in costs, but that I deny plaintiff's request for attorney fees until it submits further documentation supporting that request. Plaintiff filed objections [15].

### STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the

1 – OPINION AND ORDER

court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

When plaintiff initially moved for a default judgment on March 26, 2012, it sought $1,070.00 in attorney fees. (Pl.'s Mtn. [9] 6). The only support for that fee figure consisted of a conclusory statement by plaintiff's attorney, Craig Stokes, that plaintiff reasonably incurred $1,070.00 as of March 26, 2012. (Stokes Decl. [9-5] 2). Judge Stewart specifically ordered plaintiff to submit additional evidence in support of the fee request by April 11, 2012. (Order [11]). Plaintiff did not do so. Accordingly, Judge Stewart issued the F&R, which recommends that the request for fees be denied until plaintiff submits further documentation. (F&R [13] 8). Now, as an "objection" to the F&R, plaintiff submits additional documentation supporting the fee request and seeks $3,924.00 instead of $1,070.00. Thus, plaintiff does not actually object to Judge Stewart's analysis, but instead makes a belated attempt to fill an evidentiary gap Judge Stewart properly identified and even gave plaintiff a chance to fill before issuing the F&R. Plaintiff does not explain why it never submitted the fee documentation to Judge Stewart. Nor does plaintiff explain why the post-F&R requested fees are nearly four times the amount plaintiff originally requested.

As explained below, I find that the request for fees is reasonable and adequately supported by the new documentation. However, I also find that when a party requesting fees

fails to submit any documentation to the magistrate judge, instead submitting it as an objection to the F&R, a district court that looks at the new documentation[1] should also look for an explanation as to why the submission was not timely. Finding no such explanation here, I decline to award the requested fees.

      I.      Reasonableness of Fee Request & Adequacy of Records

As a prevailing party by default, plaintiff would generally be entitled to "reasonable" attorney fees. 7 U.S.C. § 499g(b). In determining what amount is "reasonable," courts first "calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.,* 214 F.3d 1115, 1119 (9th Cir. 2000); *see also United States ex rel Berglund v. Boeing Co.*, 3:02-CV-193-AC, 2012 WL 1902599, at *1 (D. Or. May 24, 2012) ("The court must review the petition for reasonableness, even if no objection has been raised to the number of hours billed or the hourly rate used.") (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993)).[2]

Plaintiff seeks fees based on the following hourly rates: $300 for Mr. Stokes, $200 for an associate attorney, and $100 for "administrative support" provided by an employee of Mr. Stokes named Rosa Barrera. (Stokes Decl. [15-1] 2).[3] Based on Mr. Stokes's declaration, his years of experience, and the hourly rates identified in the 2007 Oregon State Bar Economic Survey ("2007 OSB Survey") for attorneys with comparable experience, I find the $300 hourly rate for

---

[1] As evident from this discussion, I have exercised my discretion to review the additional documentation. *See United States v. Song Ja Cha*, 597 F.3d 995, 1003 n.7 (9th Cir. 2010) ("A district judge has discretion to consider new evidence or legal arguments made only in the objections to the magistrate judge's report.").

[2] After calculating the lodestar figure, courts evaluate the factors discussed in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975), that were not already subsumed into the lodestar calculation. *Fischer*, 214 F.3d at 1119. I have considered these factors to the extent possible on this record and find they would not warrant an adjustment from the lodestar figure discussed below.

[3] Mr. Stokes declares that he "charges $350.00 per hour for his services on this case," although the bills he submitted all reflect $300 for his hourly rate and plaintiff's total fee calculation apparently used the $300/hour figure. (Stokes Decl. [15-1] Ex. A). I treat the reference to $350/hour as a typographical error by Mr. Stokes.

3 – OPINION AND ORDER

Mr. Stokes reasonable.  (F&R [9] 7–8); *see also Davis v. Wal–Mart Stores, Inc.*, No. 3:09–CV–01488–MO, 2012 WL 1424105, at *1 (D. Or. Apr. 23, 2012) (explaining that 2007 OSB Survey is commonly used as an initial reference point for rates in this district).  However, Mr. Stokes provides no information— such as information regarding this associate's bar memberships or experience—to support his conclusory statement that his associate's $200 hourly rate is reasonable.  Without more to go on, I find that the reasonable hourly rate for this associate is $177, which is the average rate identified in the 2007 OSB Survey for lawyers with 0–3 years of experience.  As to the hours Ms. Barrera worked, I find reasonable the requested rate of $100 per hour.  The billing records indicate that her work was legal in nature and recent decisions in this district have awarded similar rates for similar work.  *See Boeing Co.*, 2012 WL 1902599, at *9 (awarding fees for paralegal work at rate of $125 per hour); *Davis*, 2012 WL 1424105, at *3 (awarding fees for legal assistant's work at rate of $95 per hour).

Plaintiff's counsel asserts he and his team reasonably spent a total of 22.77 hours on this lawsuit as follows: (a) 9.1 hours by Ms. Berrera; (b) 10.87 hours by Mr. Stoke's associate; and (c) 2.8 hours by Mr. Stokes himself.  (Stokes Decl. [15-1] Ex. A).  Based upon a review of the billing records plaintiff submitted, and the fact that establishing individual liability as to defendant George Dziak was not entirely straightforward (even by default), I find these hours were reasonably expended.  Thus, plaintiff has now adequately documented a reasonable fee request of $3,674.00.

## II.   Timeliness of Plaintiff's Supporting Documentation

The remaining question is whether plaintiff adequately documented its request in a timely manner and, if not, whether there is a reason to excuse any untimeliness.  Plaintiff bears the burden of sufficiently documenting its fee request.  *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942,

945–46 (9th Cir. 2007) ("The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed."); D. Or. LR 54-3(a) (requiring "any motion for attorney fees" to "set forth the relevant facts . . . along with all supporting authorities and affidavits").  Plaintiff initially failed to meet that burden and its approach got worse when it ignored Judge Stewart's order of March 27, 2012, which gave plaintiff a second chance to submit additional records.  Although it eventually submitted additional records as an objection, plaintiff has not explained why it submitted that documentation now, instead of with its original fee request.  By its dilatory conduct, plaintiff has wasted Judge Stewart's time and, at least as to fees, nullified the usefulness of the F&R process.  Without any explanation for this conduct, there is no basis for me to excuse plaintiff's delay.  I therefore decline to award fees.

## CONCLUSION

Upon review, I agree with Judge Stewart's recommendation and I ADOPT the F&R [13]. Plaintiff is awarded $53,915.50 as to the principal amount, plus pre-judgment interest at the rate of .12% per annum from May 1, 2011, and is also awarded $408.60 in costs.  These awards are against both defendants and include post-judgment interest at the rate set forth by 28 U.S.C. § 1961.  I decline to award plaintiff attorney fees, for the reasons explained above.  Plaintiff is directed to submit a proposed judgment consistent with this opinion and the F&R within 14 days.

IT IS SO ORDERED.

DATED this   6th    day of June, 2012.

/s/ Michael W. Mosman  
MICHAEL W. MOSMAN  
United States District Court